**HERBERT LAW GROUP, LLC**
John T. Herbert, Esq.
96 Engle Street
Englewood, NJ 07631
Office: (201) 490-4070
Facsimile: (201) 490-4077
jherbert@herbertlawllc.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Newark Division)

| | |
|---|---|
| LUZ CASCINA,<br><br>                    Plaintiff,<br>v.<br><br>HACKENSACK UNIVERSITY MEDICAL CENTER n/k/a HACKENSACK MERIDIAN HEALTH AND JOHN/JANE DOES A THROUGH D,<br><br>                    Defendants. | Civil Action No.:<br><br><u>COMPLAINT</u> |

COMES NOW PLAINTIFF, LUZ CASCINA, by and through her attorneys, Herbert Law Group LLC, hereby files this Complaint and cause of action against DEFENDANTS HACKENSACK UNIVERSITY MEDICAL CENTER n/k/a HACKENSACK MERIDIAN HEALTH and JOHN DOES A THROUGH D and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff Luz Cascina is an adult female and a citizen of the United States of America and the State of New Jersey, Borough of Lodi, County of Bergen.

2. Hackensack University Medical Center n/k/a Hackensack Meridian Health (collectively referred to herein as "HUMC" or "Defendant") at all times herein mentioned are

corporations organized and existing under the laws of the State of New Jersey, with a principal place of business located at 30 Prospect Avenue, in the City of Hackensack, in the County of Bergen, in the State of New Jersey.

3. At all times pertinent to this Complaint, Plaintiff was an "employee" of Defendant and worked primarily at facilities located in the United States of America, State of New Jersey in the City of Hackensack, in the County of Bergen, within the meaning of 29 USC Section 630(f) and Section 10:5-5(5) (f) of the New Jersey Law Against Discrimination ("LAD").

4. Plaintiff has been employed as an Outpatient Reservation Specialist since January 28, 2003. Plaintiff was initially hired by Defendant on or about August 2, 1999, as an Insurance Verification Clerk.

5. Plaintiff worked at Defendant's facility at 30 Prospect Avenue, Hackensack, New Jersey.

6. Plaintiff was born March 6, 1959, and at all times pertinent to this Complaint she was older than 40 years of age.

7. Plaintiff was employed by Defendant in New Jersey since August 1999.

8. Defendant is a hospital providing medical services. Defendant employs more than 100 employees.

9. At all times relevant to this lawsuit, Defendant was and is a "person" and an "employer" within the meaning of 29 USC Sections 630(a) and (b) and Sections 10:55(5)(a) and (b) of the LAD. At all times relevant to this lawsuit, Plaintiff was a regular full-time employee of Defendant.

10. Defendants John and Jane Does A-D are fictitious names; Plaintiff hereby reserves their right to amend the Complaint as a result of pleading fictitious parties. John and Jane Does A-D are individuals that may have also discriminated against Plaintiff, but they are as yet unknown.

## JURISDICTION

11. Because Plaintiff asserts disability discrimination claims arising under Title 42, Chapter 126 at Section 12101 of the United States Code, this Court has jurisdiction over this controversy, the authority to empanel a jury to decide its facts, and the authority to order any and all appropriate legal and equitable relief for any violations of law found. Title 28 USC Section 1367(a) grants this Court jurisdiction to adjudicate Plaintiff's claims arising under New Jersey Law Against Discrimination claims pursuant to N.J.S.A. 10:5-1 *et. seq* ("LAD") and Plaintiff hereby requests that the Court so assert this jurisdiction.

## VENUE

12. Pursuant to 28 USC Section 1391(b) (2) and LAD, venue is proper in this Court because all of the events giving rise to Plaintiff's claims occurred in this Judicial District.

## PROCEDURAL HISTORY

13. On or about January 4, 2019, Plaintiff completed an Equal Employment Opportunity Commission ("EEOC") Questionnaire ("Questionnaire") and submitted it to the Director of the New Jersey District Office.

14. The Charge alleged age, national origin and disability discrimination and unlawful failure to provide reasonable accommodation.

15. On June 4, 2019, the EEOC issued a Right to Sue Notice.

16. Plaintiff has filed this action within ninety (90) days of her receipt of the Right to Sue Notice.

**STATEMENT OF FACTS**

17. Plaintiff began her employment with Defendant on or about August 2, 1999, as an Insurance Verification Clerk. In 2003, Plaintiff began working under another job title, as an Outpatient Reservation Specialist.

18. Plaintiff is Colombian and sixty (60) years of age.

19. Plaintiff was subjected to continued unlawful harassment, differential treatment and verbal hostilities directed at her principally by Mary Lamontagne, Plaintiff's Manager; and Robin Bogert, Defendant's Workers Compensation Nurse Case Manager.

20. Ms. Lamontagne would yell and scold Plaintiff in front of staff and patients and would deny Plaintiff the opportunity to attend certification courses and in-service programs, which would have kept her up to date on changes to her job functions and responsibilities and to continue to refine her skills.

21. As Ms. Lamontagne's harassment progressed, Plaintiff's co-workers began to harass her as well adding to the hostile work environment to which Plaintiff was subjected. Specifically, they would make inappropriate and discriminatory comments about Plaintiff's Spanish language accent and pretend not to understand Plaintiff's pronunciations when she was speaking to them.

22. Plaintiff reported the harassment to Ms. Lamontagne's supervisor, Jason Kisner, who told Plaintiff there was nothing he could do and simply suggested Plaintiff find another job.

23. Plaintiff eventually complained to the Human Resources Department with the expectation that they would assist in ending the unlawful harassment and hostilities directed at her by her co-workers and manager.

24. Plaintiff's request for Human Resources intervention and assistance were ignored, but rather, harassment escalated in retaliation for Plaintiff's complaints to the Human Resources Department.

25. For example, Plaintiff was accused and disciplined for actions that all Defendant's employees have done at one point or another; specifically, Plaintiff received a written reprimand and suspension for accessing her own medical records, yet Plaintiff's co-workers regularly review their records without disciplinary action.

26. On or about January 3, 2018, Plaintiff suffered a slip and fall in front of an elevator while at work and injured the left side of her body and right knee.

27. After the slip and fall, Plaintiff was forced to walk with a cane.

28. As an accommodation, Plaintiff requested that she not be assigned tasks that involved walking a long distance. This request was ignored by Ms. Lamontagne, who still required Plaintiff to walk distances that caused her extreme discomfort and pain.

29. In an effort to seek and to receive treatment for her injuries, Plaintiff had to interact with Robin Bogert, Workers Compensation Nurse Case Manager. From the onset, Plaintiff faced obstacles, as appointments supposedly scheduled by Ms. Bogert were either cancelled or Plaintiff was informed the appointments were never scheduled.

30. On or about March 14, 2018, Plaintiff overhead Ms. Bogert and Ms. Lamontagne loudly discussing Plaintiff's medical information, in proximity to other employees and hospital patients, acts that are in blatant violation of the Health Insurance Portability and Accountability

5

Act. To make matters worse, Ms. Bogert bragged about how she had not scheduled Plaintiff's MRI and laughed about Plaintiff being very upset.

31. Plaintiff believes each of the foregoing acts among others malicious misconduct was done in an effort to harass her into unlawfully ending her employment relationship with Defendant due to disability, age and/or national origin and without any reasonable and objective basis to justify termination of employment.

## **COUNT ONE**

DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE NEW JERSEY LAW AGAINST DISCRIMINATION

32. Plaintiff repeats and re-alleges the allegations set forth Paragraphs 1-31 as though fully set forth herein.

33. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination against Plaintiff on account of her disability in violation of the Americans with Disabilities Act and New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq* as follows.

34. Defendant failed to properly provide a reasonable accommodation for Plaintiff's disability.

35. As an accommodation, Plaintiff requested that she not be assigned tasks that involved walking a long distance. This request was ignored by Ms. Lamontagne, who still required Plaintiff to walk distances that caused her extreme discomfort and pain.

## COUNT TWO

AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN

EMPLOYMENT ACT OF 1967 AND

NEW JERSEY LAW AGAINST DISCRIMINATION

36. Plaintiff repeats and re-alleges the allegations set forth Paragraphs 1-35 as though fully set forth herein.

37. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination against Plaintiff on account of her age in violation of the Age Discrimination Act of 1967 and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq* as follows. The stated reasons for Defendant's conduct were not the true reasons, but instead were a pretext to hide discriminatory animus.

38. Plaintiff is over 40 years of age and was over 40 years of age during the events that are the subject of this legal action. She was highly qualified to perform the functions of her job and in fact demonstrated her skills during her entire employment history with Defendant, which has spanned approximately 20 years.

39. Plaintiff was not afforded the same employment benefits that younger co-workers have been afforded. Specifically, Plaintiff was no longer allowed to attend CPR certification courses or in-service programs while younger co-workers were granted permission to attend.

## COUNT THREE

NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII AND THE NEW JERSEY LAW AGAINST DISCRIMINATION

40. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-39 as though fully set forth herein.

41. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination against Plaintiff on account of her national origin in violation of Title VII of the Civil Rights Act of 1964 as amended and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq* as follows. The stated reasons for Defendant's conduct were not the true reasons, but instead were a pretext to hide blatant discriminatory animus.

42. Defendant treated other similarly situated employees that were not Colombian and/or Hispanic more favorably than Plaintiff with respect to terms of conditions and/or benefits of employment. Specifically, Paula Cortez, a Caucasian employee, was hired as a medical secretary but works outside the scope of her job responsibilities. Plaintiff would be, and has been, unfairly reprimanded and written up for allegedly committing the same infractions, yet Ms. Cortez has never faced any disciplinary action.

## COMPENSATORY DAMAGES AND RELIEF REQUESTED

42. Plaintiff re-alleges all previous Paragraphs as though fully set forth here.

43. All of Defendant's acts of unlawful discrimination against Plaintiff were intentional, willful, and in reckless disregard of Plaintiff's legal rights and legitimate interests as a Citizen of the United States of America and of the State of New Jersey and as a person who is entitled to the protections of their laws.

44. The effect of Defendant's unlawful age, national origin and disability employment practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her life and status as an employee of Defendant.

45. As a direct result of Defendant's willful, wrongful, and unlawful acts in discriminating against Plaintiff on the basis of her age, race, national origin and disability, Plaintiff has suffered severe emotional distress, depression, humiliation, embarrassment, and impaired self-esteem, and has sustained loss of income, including Plaintiff's loss of various employee benefits and the elimination of her current wages and the diminution of her future earning power due, in part to lost seniority.

46. All of Defendant's unlawful acts committed against Plaintiff (that is, all harm inflicted on Plaintiff occurred as a result of the hostile, negligent, willful, malicious acts of her management, human resources and others that failed to lawfully discharge their responsibilities with gross and blatant indifference to Plaintiff's rights under federal and state law.

47. As a direct of the foregoing Plaintiff has suffered severe emotional pain, distress, and mental anguish.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the Court grant the following relief:

A. Order Defendant to return Plaintiff to her previous position with backpay, seniority, lost benefits, attorney and legal fees and expenses, expert witness fees, emotional distress, and punitive damages, pre and post judgment interest and to discontinue the unlawful, intentional, hostile and malicious acts of discrimination and harassment directed at Plaintiff.

B. Grant other such relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury on all Counts.

Respectfully submitted,

| | |
|---|---|
| */s/John T. Herbert* | September 3, 2019 |
| _____ | _____ |
| John T. Herbert, Esq. | Date |
| **HERBERT LAW GROUP, LLC** | |
| Attorney ID: 002291975 | |
| 96 Engle Street | |
| Englewood NJ 07631 | |
| Office: (201) 490-4070 | |
| Facsimile: (201) 490-4077 | |
| jherbert@herbertlawllc.com | |